UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| YUSEF ABDULLAH BILAL ALI, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LOUISVILLE METRO HOUSING ) <br> AUTHORITY, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 3:22-cv-00463-CHB <br><br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court is the Motion for Temporary Restraining Order and Preliminary Injunction filed by *pro se* Plaintiff Yusef Abdullah Bilal Ali ("Plaintiff"). [R. 9]. In the motion, Plaintiff requests an order enjoining Defendants from initiating eviction proceedings against him.

In determining whether to grant a temporary restraining order, the Court considers the same four factors applicable to a motion for preliminary injunction: (1) the movant's likelihood of success on the merits; (2) whether the movant "would likely be permanently harmed absent the injunction; (3) whether the injunction would cause substantial harm to third parties; and (4) whether the injunction would serve the public interest." *McGirr v. Rehme*, 891 F.3d 603, 610 (6th Cir. 2018) (citing *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017)). Though the standard for a TRO is the same as a preliminary injunction, there is increased emphasis on irreparable harm. *ABX Air, Inc. v. Int'l Bhd. of Teamsters, Airline Div.*, 219 F. Supp. 3d 665, 670 (S.D. Ohio 2016); *see also New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2, 98 S.Ct. 359, 54 L.Ed.2d 439 (1977).

The grant of a TRO is within the discretion of the District Court. *Am. Book Co. v. Blount*, 295 F. Supp. 1189, 1191 (E.D. Ky. 1969); 11A Charles Alan Wright, Arthur R. Miller & Mary

Kay Kane, 11A Federal Practice and Procedure § 2951 (3d ed. 2020). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

The most important factor in an application for a TRO is the movant's showing of irreparable harm. *ABX Air*, 219 F. Supp. 3d at 670; 11A Federal Practice and Procedure, supra, § 2951. To show irreparable harm, a movant must show that, absent a TRO, its interests would be damaged in ways that could not be remedied later on in the legal process. *S. Glazer's Distributors*, 860 F.3d at 852. Further, the movant must show that the irreparable harm is "likely," not merely speculative. *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 20–22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) ("[T]he harm alleged must be both certain and immediate, rather than speculative or theoretical."). "When housing discrimination is shown, 'it is reasonable to presume that irreparable injury flows from the discrimination.'" *Chapp v. Bowman*, 750 F. Supp. 274, 277 (W.D. Mich. 1990) (quoting *Gresham v. Windrush Partners, Ltd.*, 730 F.2d 1417, 1423 (11th Cir. 1984)); *see also White v. US Bank N.A.*, No. 17-cv-02671-JPM-DVK, 2017 WL 10311423, 2017 U.S. Dist. LEXIS 232027 (W.D. Tenn. Oct. 11, 2017) (citing *Wonderland Shopping Ctr. Venture Ltd. P'ship v. CDC Mortg. Cap., Inc.*, 274 F.3d 1085, 1097 (6th Cir. 2001)) ("As to eviction, White is correct that loss of a unique property interest is considered irreparable harm.").

Here, the Court finds that Plaintiff has failed to meet his burden of sufficiently showing that irreparable harm will result if a temporary restraining order is not issued. Plaintiff's motion and the exhibits attached thereto establish that on November 17, 2022, Plaintiff was referred to Louisville Metro Housing Authority's Eviction Diversion Program. [R. 9, at p. 15; R. 9-2, at p. 2].

The record does not establish that Plaintiff faces an immediate threat of eviction. Accordingly, Plaintiff's Motion for Temporary Restraining Order will be denied, and Defendant will be afforded an opportunity to respond to Plaintiff's Motion for Preliminary Injunction as set forth below.

**IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction **[R. 9]** is **DENIED in part**.

2. Plaintiff's Motion for Temporary Restraining Order **[R. 9]** is **DENIED**.

3. On or before December 1, 2022, Defendants shall file a response to Plaintiff's Motion for Preliminary Injunction.

4. Plaintiff's Motion for Preliminary Injunction **[R. 9]** is set for telephonic status conference on Friday, **December 2, 2022 at 10:00 AM EST**. The Parties shall join the call by dialing 888-363-4735, access code 9522526#.

This the 22nd day of November, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc:  Counsel of Record